UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHRINA ELLIS, ET AL.                    CIVIL ACTION

VERSUS                                    NUMBER 09-949-JJB-SCR

ETHICON, INC., ET AL.

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 19, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHRINA ELLIS, ET AL.

VERSUS

ETHICON, INC., ET AL.

CIVIL ACTION

NUMBER 09-949-JJB-SCR

## **MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Cathrina Ellis, individually and on behalf of her minor children, McKenzy Ellis and Taelor Ellis. Record document number 6. The motion is opposed.[1]

Plaintiffs filed this suit in state court alleging that plaintiff Cathrina Ellis underwent surgery at St. Elizabeth Hospital and was injured when defective sutures were used during the procedure. Plaintiff alleged that she developed a wound infection in the area where the suture material was used and was then required to undergo numerous medical procedures which caused her substantial physical and mental pain.

Plaintiff filed suit against St. Elizabeth Hospital, Our Lady of the Lake Ascension Community Hospital, Inc.[2] and the

---

[1] Record document number 7. Plaintiffs filed a reply brief. Record document number 14.

[2] It appears that St. Elizabeth Hospital does business as Our Lady of the Lake Ascension Community Hospital, and they are not two separate entities. Record document number 1, Notice of Removal, ¶ 7, and attached Exhibit C.

manufacturers of the sutures, Ethicon, Inc. and Johnson & Johnson. Defendants Ethicon and Johnson & Johnson removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the Louisiana citizenship of defendants St. Elizabeth Hospital/Our Lady of the Lake Ascension Community Hospital (hereafter the "hospital defendants") should be ignored because they were improperly joined.[3] Removing defendants argued that the plaintiff's allegations concerning the hospital defendants' knowledge of the defective sutures were conclusory and could not be factually supported. Defendants also argued that the plaintiff's claims against the hospital defendants fall solely under the Louisiana Medical Malpractice Act (LMMA), LSA-R.S. § 40:1299.41(A)(1) and are premature since the plaintiff failed to comply with the medical review panel process as required under the act.

Plaintiff moved to remand arguing that the hospital defendants were not improperly joined and the removing defendants cannot show there is no possibility of establishing a cause of action against the hospital defendants. Specifically, the plaintiff argued that her allegations stated a cause of action against the hospital

---

[3] Removing defendants alleged citizenship as follows: the plaintiff and her children are citizens of Louisiana; Johnson & Johnson is a corporation organized under the laws of New Jersey and has its principal place of business in the New Jersey; Ethicon is a corporation organized under the laws of New Jersey and has its principal place of business in New Jersey. Record document number 1, Notice of Removal, ¶¶ 4-6.

defendants as non-manufacturing sellers of the allegedly defective sutures which caused the plaintiff's injuries. Because the LMMA only applies to claims arising from medical malpractice, plaintiff argued, she was not required to bring her claim before a medical review panel. In the alternative, the plaintiff argued that the temporary suspension of the medical malpractice claims pending review by the panel does not make joinder of the hospital defendants improper because there is still a possibility of a viable action against them. Plaintiff also sought an award of attorney's fees and costs.

Removing defendants argued that the hospital defendants' negligence as alleged by the plaintiff clearly falls under the LMMA definition of malpractice and is thus encompassed by the act. Defendants further noted that the plaintiff judicially admitted in the Petition to Establish a Medical Review Panel that the events at issue present a claim for medical malpractice.

Defendants also argued that the hospital defendants are not liable as non-manufacturer sellers because the plaintiff's complaint contains only conclusory allegations that the hospital defendants knew or should have known that the sutures were contaminated. Defendants provided evidence with their Notice of Removal to establish that it was impossible for the hospital defendants to know of the alleged defect and/or contamination of the sutures because the products are pre-packaged by Ethicon in a

3

sealed sterile pouch and remained in that condition until the surgery.[4]

## **Applicable Law**

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable

---

[4] Record document number 1, Notice of Removal, Exhibit B, attached affidavit of Jill M. Lee, assistant vice president of surgical services at St. Elizabeth Hospital.

basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

Defendants argued that the plaintiffs have only stated a medical malpractice claim against the hospital. The LMMA governs such claims and defines malpractice as follows:

> "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.

LSA-R.S. 40:1299.41(A)(13).

Health care is defined by the LMMA as follows;

5

> "Health care" means any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement, or during or relating to or in connection with the procurement of human blood or blood components.

LSA-R.S. 40:1299.41(A)(9).

The LMMA specifically requires a plaintiff to present a medical malpractice claim against a qualified physician or hospital to a medical review panel before commencing a civil action:

> No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.

LSA-R.S. 40:1299.47(B)(1)(a)(i).[5]

There is no Fifth Circuit Court of Appeals case providing a definitive answer to the question of whether the presence of an in-state medical defendant who is pending review by a LMMA medical review panel can destroy diversity jurisdiction. While some district court cases within the Fifth Circuit have held that a premature claim against a medical defendant is not a basis for finding improper joinder, *Danos v. Bristol-Myers Squibb Co.*, 2003 WL 21056815 (E.D.La. May 8, 2003); *Ochoa v. Bristol-Myers Squib*

---

[5] There are circumstances in which a medical review panel is not required or may be dissolved, or the parties may agree to waive the use of a medical review panel. There is no suggestion that any of these circumstances exist in this case, nor is there any suggestion that the parties waived the use of a medical review panel.

6

*Co.*, 2003 WL 446821 (E.D.La. Feb. 19, 2003; *Doe v. Cutter Biological*, 774 F.Supp. 1001 (E.D.La. 1991), cases decided more recently in both the Eastern and Western Districts of Louisiana addressing this issue have found the opposite, *Jones v. Centocor, Inc.*, 2007 WL 4119054 (E.D.La. Nov. 15, 2007); *Senia v. Pfizer, Inc.*, 2006 WL 1560747 (E.D.La. May 23, 2006); *Bourne v. Eli Lilly & Co.*, 2005 WL 2998914, at *2-3 (W.D.La. Nov. 8, 2005)(rejecting the reasoning of the line of cases from the Eastern District of Louisiana, and stating that "the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at present"); *Donaldson v. Spinal Concepts, Inc.*, 2003 WL 21913704 (E.D.La. Aug. 6, 2003).

The cases which hold that a premature medical malpractice claim against a non-diverse, in-state defendant does not deprive the court of diversity jurisdiction are persuasive because they correctly apply the plain language of the LMMA, specifically LSA-R.S. 40:1299.47(B)(1)(a)(i). Whether a plaintiff who is currently proceeding before medical review panel pursuant to the LMMA may later allege and prove a medical malpractice claim in a state or federal court case is not relevant to the determination of diversity jurisdiction at the time of removal. Rather, what is critical is whether, at the time of removal, the plaintiff can commence an action against the health care provider under state law.

7

There is no automatic entitlement to an award of attorney fees under 28 U.S. C. § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993);

8

*Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## **Analysis**

A review of the record demonstrates that the hospital defendants are improperly joined.

Contrary to her arguments, the plaintiff's claims against the hospital defendants are within the definitions of health care and malpractice under the plain language of the LMMA, specifically LSA-R.S. 40:1299.41(A)(9) and (13). Any argument to the contrary is belied by the plaintiff's own Petition to Establish a Medical Review Panel, wherein she alleged that "the facts in this case present a claim for medical malpractice based on the defendant's negligence and breach of contract."[6]

To determine whether diversity jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal.[7] At that time, the plaintiff's medical review panel proceeding was not completed, and pursuant LSA-R.S. 40:1299.47(B)(1)(a)(i), the plaintiff could not legally commence an action in any court against the hospital

---

[6] Record document number 7-1, defendant exhibit B.

[7] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), *citing*, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

9

defendants.  The cases cited above which hold that an in-state defendant facing a premature medical malpractice claims is improperly joined are persuasive.  Because the medical review panel proceedings have not been completed, no claim against the hospital defendants can be brought against them in any court.  The LMMA does not provide for filing a medical malpractice claim and then staying it while the plaintiff proceeds before the medical review panel.  Cases which followed this course of action effectively added a provision to the LMMA which the legislature did not include.  Consequently, the plaintiff had no possibility of recovery against the hospital defendants based on the facts as they stood at the time of removal.  In the language of *Smallwood*, there is no reasonable basis for this Court to predict that the plaintiff might be able to recover against an in-state hospital defendants at this time.  Whether she might be able to allege and prove a medical malpractice claims against them later is simply not relevant now.  Therefore, the hospital defendants were improperly joined and their citizenship should not be considered in making the diversity jurisdiction determination.

 Even if the LMMA did not bar the plaintiff's claims against the hospital defendants at this time, the plaintiff has failed to allege any specific facts or provide any evidence to show that recovery against them is reasonably possible.  Defendants have demonstrated that the hospital defendants could not have had actual

10

or constructive knowledge of the alleged defect in the sutures. Defendants provided an affidavit from the assistant vice president of surgical services at the hospital stating that the sutures were packaged in a sterile pouch by the manufacturers and were not removed from the pouch until placed in the surgical room. This fact is not contested by any affidavit or other evidence offered by the plaintiff. Without any facts demonstrating how the hospital defendants knew or could have known of the alleged defective sutures, the plaintiff's claim of negligence against the hospital defendants is factually unsupported, speculative and conclusory.

Because the hospital defendants have been improperly joined, diversity jurisdiction exists in this case and the plaintiff's Motion to Remand should be denied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Cathrina Ellis, individually and on behalf of her minor children, McKenzy Ellis and Taelor Ellis be denied.

Baton Rouge, Louisiana, February 19, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE