UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CATHRINA ELLIS, ET AL.

VERSUS

ETHICON, INC., ET AL.

CIVIL ACTION

NO. 09-949-JJB-SCR

**RULING ON MOTION TO DISMISS**

The matter before the Court is a motion to dismiss (doc. 31) filed by Defendant Our Lady of the Lake Ascension Community Hospital, Inc. d/b/a St. Elizabeth Hospital ("St. Elizabeth"). Plaintiffs have filed an opposition. (Doc. 38). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is no need for oral argument.

Plaintiffs filed this suit in state court alleging that plaintiff Cathrina Ellis underwent surgery at St. Elizabeth Hospital and was injured when defective sutures were used during the procedure. Plaintiffs filed suit against St. Elizabeth Hospital and the manufacturers of the sutures, Ethicon, Inc. ("Ethicon") and Johnson & Johnson. Defendants Ethicon and Johnson & Johnson removed the case to this Court claiming that St. Elizabeth was fraudulently joined to defeat removal. Plaintiffs then moved to remand, but this Court denied the plaintiffs' motion based upon the Reports and Recommendation of the magistrate judge. Defendant St. Elizabeth now moves to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court should grant a motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

Defendant's motion to dismiss does not focus on the allegation of plaintiffs' complaint. The motion hinges upon the March 24, 2010, ruling of this Court. In that ruling, the Court approved and adopted the Report and Recommendation of the magistrate judge that plaintiffs' motion to remand be denied.[1] In that report, the magistrate judge found that the plaintiffs could not legally commence an action in any court against St. Elizabeth because plaintiffs failed to complete a medical review panel proceeding at the time the petition was filed pursuant to La. R.S. 40:47(b)(1)(a)(i).[2] Therefore, the Court denied plaintiffs' motion to remand finding that St. Elizabeth had been improperly joined and that its presence should be ignored for purposes of removal jurisdiction.

St. Elizabeth seeks recognition of that finding (i.e. that it was fraudulently joined) and requests an order be entered dismissing it from this action.

Plaintiffs counter that defendant's motion to dismiss should be denied because plaintiffs have stated a plausible claim. Specifically, the plaintiffs claim that defendant negligently failed to remove the contaminated products from its

---

[1] *See* Ruling (doc. 18).
[2] *See* Report and Recommendations 9 (doc. 16).

facility and it knew or should have known of the contamination that caused the plaintiffs' injuries.[3]

The motion to dismiss is problematic in that it seeks a determination on the merits on a claim against a non-diverse party. While a motion to dismiss under 12(b)(6) may not be the best way to achieve this result, the Court agrees that the finding of fraudulent joinder necessarily means that the claim against St. Elizabeth will not proceed ON THE MERITS in this Court.

## CONCLUSION

Accordingly, the claim against St. Elizabeth will be dismissed based upon the Court's prior ruling holding that St. Elizabeth was fraudulently joined.

Signed in Baton Rouge, Louisiana, on July 23rd, 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] Pls.' Mem. in Opp'n 3, 4 (doc. 38).